**Andre L. REVIS, Plaintiff–Appellant,**

v.

**J. WANG; et al., Defendants–Appellees.**

**No. 15-15325**

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 02, 2016

Andre L. Revis, Pro Se

Monica N. Anderson, Esquire, Supervising Deputy Attorney, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Andre L. Revis, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Revis's action because Revis failed to allege facts sufficient to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057–60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *see also Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.